UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LONG and JUDY LONG,

        Plaintiff,

v.                                                Case No. 11-12800
                                                      Honorable Denise Page Hood

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. ONE WEST BANK, FSB,
INDYMAC MORTGAGE SERVICES, INDYMAC
BANK MBS, DUETSCHE BANK NATIONAL
TRUST, and JOHN DOE 1 TO 1000,

        Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING
PLAINTIFFS' MOTION TO REMAND, AND DISMISSING THIS ACTION**

**I.    INTRODUCTION**

On February 17, 2006, Plaintiffs refinanced the property commonly known as 1867 Pettibone Lake Road, Highland, Michigan 48357 (the "Property") in the amount of $198,400 from IndyMac Bank. Amend. Compl. ¶¶ 2, 9-11. Between March 1, 2009 and March 16, 2011, Plaintiffs made partial payments against the note that were insufficient to cover the interest only accruing on the Note. *Id*. at ¶ 58. Servicing agent, OneWest Bank alleged that Plaintiffs defaulted on their obligations on October 1, 2010 and initiated foreclosure proceedings. *Id*. at ¶ 30-31.

On May 18, 2011, Plaintiffs filed this action in Oakland County Circuit Court. Defendants removed this action on June 28, 2011. Defendants filed a motion to dismiss on July 5, 2011. Plaintiffs amended their complaint on July 8, 2011. Plaintiffs bring the following claims: Quiet Title due to Bifurcation of Mortgage from Note (Count I); Quiet Title due to

Impossibility to Deraign Title (Count II); Quiet Title due to Fraud in the Inducement (Count III); Quiet Title due to Satisfaction or Destruction of Note; Permanent Injunction (V); and Declaratory Relief (VI).  For the reasons stated below, Defendants' motion to dismiss is GRANTED and Plaintiffs' motion to remand is DENIED.

**II.     ANALYSIS**

   **A.     Motion to Remand**

Plaintiff argues that the Amended Complaint no longer involves a federal question and this action should be remanded back to Oakland County Circuit Court. Defendants argue that Plaintiff "merely deleted the titles of two federal statuses," the Truth in Lending Act and the Real Estate Settlement Procedures Act, and left the underlying allegations that inexplicably involve a federal question. Although Defendants removed this action to federal court on the basis of federal question jurisdiction, the Court would maintain diversity jurisdiction. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.") From the Amended Complaint, the Court deduces that the parties are diverse to one another and there remains over $200,000 left on the Note in controversy. The Court finds that it continues to have subject matter jurisdiction over this matter unless Plaintiffs are able to establish that complete diversity does not exist. Plaintiffs' Motion to Remand is DENIED.

   **B.     Motion to Dismiss**

      **1.     Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's Complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D.

Mich. 1986). The court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001).The court must determine whether the plaintiff is unable to prove no set of facts that would entitle him to relief. *Id.* To state a claim for relief, the plaintiff must make a claim that "is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate more than a likelihood that the defendant acted unlawfully. *Id.* Therefore, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### 2.  Quiet Title

Defendants argue that Plaintiffs cannot establish a *prima facie* case for quiet title. In an action to quiet title, the plaintiff has the initial burden of proof. *Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet County Road Com'n*, 600 N.W.2d 698, 700 (Mich. App. 1999). The burden of proof then shifts to the defendant to prove that they have superior title in the property at issue. *Id.* "Courts have found that plaintiffs that 'describe[] the chain of title through which they claim ownership of the disputed [property]' or 'provide[] . . . a copy of a mortgage' satisfy the prima facie elements." *Smith v. Bank of Am. Corp.*, No. 10-14161, 2011 U.S. Dist. LEXIS 14446, *16-17 (E.D. Mich. Feb. 14, 2011) (quoting *Beulah*, 600 N.W.2d at 700-01).

Plaintiffs argue that they are entitled to quiet title because the Mortgage was separated from the Note. A mortgage is a lien on real property and the note that secures the mortgage is personal property that may be transferred to third parties. *Prime Fin. Servs. LLC v. Vinton*, 279 Mich. App. 245, 256-257 (Mich. Ct. App. 2008). The assignment of the mortgage without the note is a mere nullity. *Id.* A mortgage is a mere security on the underlying obligation and

"anything which transfer the [note], transfers the mortgage with it." *Ginsberg v. Capitol City Wrecking Co.*, 2 N.W.2d 892, 894 (Mich. 1942). MERS could not transfer the mortgage without transferring the note; there was no separation. Plaintiffs' claim for quiet title based on the separation of the note from the mortgage fails.

Plaintiffs also rely on *Residential Funding Co. LLC v. Saurman*, 807 N.W.2d 412, 2011 WL 1516819 (Mich. Ct. App. Apr. 21, 2011) for the proposition that MERS was not entitled to foreclose on the property by advertisement and could not transfer a greater interest than it had to OneWest Bank. *See also Bakri v. Mortgage Electronic Registration System*, No. 297962, 2011 WL 3476818 (Mich. Ct. App. Aug. 2, 2011). In *Saurman*, the Michigan Court of Appeals held that MERS did not have a legal or equitable ownership rights in the debt and, thus, could not foreclose by advertisement. *Saurman*, 2011 WL 1516819, at *5. However, this is no longer the law in Michigan. The Michigan Supreme Court reversed the Michigan Court of Appeals and held that MERS' "interest in the indebtedness—i.e., the ownership of the indebtedness—authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d)." *Residential Funding Co., LLC v. Saurman*, 2011 WL 5588929, *1 (Mich. Nov. 16, 2011). As such, Plaintiffs reliance on *Bakri v. Mortgage Electronic Registration System*, 2011 WL 3476818 (Mich. Ct. App. Aug. 9, 2011), to the extent that it relies on the now reversed Michigan Court of Appeals ruling, is misplaced given the Michigan Supreme Court's recent decision. *See Bakri*, 2011 WL 3476818 (finding that MERS assignee had no greater interest than its assignor MERS). "The Court believes that the [Michigan] Supreme Court would…hold that a MERS assignee has a sufficient ownership interest in the indebtedness secured by the mortgage to authorize the assignee to foreclose by advertisement." *Schare v. Mortgage Electronic Registration Systems*, No. 11-CV-11889, 2011 U.S. Dist. LEXIS 141703 (E.D. Mich. Dec. 9, 2011). To the extent that

Plaintiffs rely on the Michigan Court of Appeals ruling that MERS does not have valid interest, it fails to state a claim upon which relief may be granted.

Plaintiffs claim that they are entitled to superior title because Defendant IndyMac engaged in a series of misrepresentations to induce Plaintiffs to execute the Note. Federal Rule of Civil Procedure 9(b) requires "a party [to] state with particularity the circumstances constituting fraud." To satisfy Rule 9(b), the complaint must identify the allegedly fraudulent statements, the speaker, when and where the statements were made, and why the statements were fraudulent. *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D. Ohio 1998)). Plaintiffs allege that from the loan application process through the closing of the loans, IndyMac "engaged in a series of material misrepresentations and omission with the intent of inducing the Longs into executing a Note" [Docket No. 4]. Plaintiffs further allege that Defendants withheld the nature of the loan and Plaintiffs' lack of qualification for the reset interest rate. Plaintiffs have not pled fraud properly. Plaintiffs have not identified the nature of the misrepresentations, when they were made, or why they were fraudulent. Plaintiffs must do more than offer "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. at 555.

### 3. Injunctive and Declaratory Relief

Plaintiffs ask the Court to permanently enjoin the Defendants from foreclosing by advertisement. A permanent injunction is appropriate when there is (1) a substantial likelihood that the requesting party will prevail on the merits; (2) irreparable harm will occur absent the injunction; (3) the injury suffered by the plaintiffs, absent the injunction, would be greater than that suffered by the defendant; and (4) public interest would not be harmed by an injunction. *Detroit Int'l Bridge Co. v. Fed. Highway Admin.*, 666 F.Supp.2d 740, 746 (E.D. Mich. 2009).

Plaintiffs claim for injunctive relief is dismissed because the likelihood of success on the merits is low. As already discussed, Plaintiffs will not be able to show that they have superior title.

Although the foreclosure by advertisement was indefinitely stayed, MERS was entitled to foreclose by advertisement and also transfer its interest to a third party, OneWest Bank. *See Saurmen,* 2011 WL 5588929. It appears that OneWest Bank is entitled to foreclose by advertisement. Plaintiffs' obligation lies with OneWest Bank.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's Motion to Dismiss Plaintiff's Amended Complaint **[Docket No. 6, filed July 22, 2011]** is **GRANTED** and Defendant's Motion to Dismiss Plaintiff's Complaint **[Docket No. 3, filed July 3, 2011]** is deemed **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand **[Docket No. 7, filed July 25, 2011]** is **DENIED**.


Dated:  March 30, 2012                    s/Denise Page Hood
                                          DENISE PAGE HOOD
                                          UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Friday, March 30, 2012, by electronic and/or ordinary mail.

                                          s/Julie Owens
                                          Case Manager

6