UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LONG and JUDY LONG,

        Plaintiffs,

v.    Case No. 11-12800
    Honorable Denise Page Hood

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. ONE WEST BANK, FSB,
INDYMAC MORTGAGE SERVICES, INDYMAC
BANK MBS, DUETSCHE BANK NATIONAL
TRUST, and JOHN DOE 1 TO 1000,

        Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND MOTION TO STAY

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Reconsideration and Motion to Stay Summary Decision of Dismissal. Although precluded by Local Rule 7.1(h)(2), Defendant One West Bank filed a response and Plaintiffs replied. For the reasons stated below, the Plaintiffs' Motion for Reconsideration and Motion to Stay are DENIED.

### II. ANALYSIS

    A. **Motion for Reconsideration**

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of judgment. E.D. Mich. L.R. 7.1(h)(1). No response or oral argument is allowed unless the Court orders otherwise. E.D. Mich. L.R. 7(h)(2). Rule 7.1(h)(3) provides that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or

by reasonable implication." The Court may grant a motion for reconsideration if the movant shows that the Court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). "The movant must not only demonstrate a palpable defect…but also show that correcting the defect will result in a different disposition of the case." E. D. Mich. L.R. 7.1(h)(3).

Plaintiffs' motion is untimely. The Court entered judgment on March 30, 2012. Plaintiffs did not file their motion until April 26, 2012, approximately a week after the filing deadline.

Notwithstanding the timeliness of the motion, Plaintiffs have not met the standard for reconsideration. Plaintiffs assert that Defendants did not have standing to bring a Rule 12(b)(6) motion to dismiss. Specifically, Plaintiffs argue that the debt was already satisfied and that Defendants are attempting to make them responsible for a loan authorized. The Court has already considered these issues and determined that Plaintiffs were not entitled to quiet title in the property and that the Court had jurisdiction over the matter. Plaintiffs have not provided the Court with any palpable defect that mislead the Court and that, if cured, would change the disposition of this matter. Plaintiffs' motion for reconsideration is DENIED.

**B.     Motion to Stay**

Generally, the filing of an appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, the district court retains jurisdiction over matters that aid in the appeal. *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). The Court does not have jurisdiction over matters that would alter the issued appealed. *Inland Bulk Transfer Co. v. Cummins Engine Co*., 332 F.3d 1007, 1013 (6th Cir. 2003). Plaintiffs

have filed a notice of appeal and this Court no longer has jurisdiction over the matter. Plaintiffs are essentially asking the Court to stay the very judgment that it has appealed. The granting of a stay would not aid the Court of Appeals in rendering its decision. Plaintiffs' motion to stay the judgment is DENIED.

**III. CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Plaintiffs' Motion for Reconsideration **[Docket No. 20, filed April 26, 2012]** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Stay Summary Decision of Dismissal **[Docket No. 24, filed May 16, 2012]** is **DENIED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 1, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 1, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

3